Howard T. Hogan, J.
This is an application, brought on by .order to show cause, for an order of the court, directing the trial of certain fixture claims.
In this eminent domain proceeding, title was vested in the .county on January 5, 1966. Thereafter, an application for a .special preference was made and granted and the case tried in December of that year.
Prior to the trial, the claimant herein had filed a claim for certain fixtures, but no proof as to the value of the fixtures was adduced at trial. The court awarded $190,000 for the fee based upon the capitalization of income approach. At the hearing on objections claimant mentioned the fixture claim, and the court suggested that the parties first attempt to resolve the status of that claim. Thereafter, a final decree was submitted, signed by .the court and entered, all without objection by claimant, or further mention of the fixture claim.
Now, four months after the entry of the final decree, the claimant seeks in effect to reopen the trial of this parcel in order to present proof as to its fixture claim. The application must be denied.
Subdivision d of section 11-40.0 of the Nassau County Administrative Code (L. 1939, ch. 272) provides in that “ A final decree unless set aside or reversed on appeal shall be final and conclusive as well upon the county as upon the owner of the real property mentioned therein and also upon all other persons whomsoever.” Hence the application of this claimant for compensation, for damages sustained and for the taking of the subject parcels ceased with the entry of the final decree and the expiration of the time to appeal. 'Moreover, “ The rule that a judgment of a court of competent jurisdiction is final and conclusive upon the parties not only as to the issues actually determined, but as to every other question which the parties might or ought to have litigated, applies to judgments in condemnation proceedings.” (17 Carmody-Wait, New York Practice, p. 358 § 213).
*272 Any claim by the fee owner for the taking of his fixtures should have been made when he presented his claim for damages ,or else he should have specifically reserved his right to submit this proof at a later date. Absent such reservation the judgment is final.
However, it should be pointed out that ‘ ‘ where valuation of a building is on the capitalization income method based on rentals, no additional award will be made for fixtures or equipment which create the rental value ” (19 N. Y. Jur., Eminent Domain, p. 399, § 171; see, also, this court’s decision in Matter of Real Property [Covert Ave.], July 8, 1966). Although the universality of that statement, the so-called “ unit rule ”, may ,be somewhat suspect since the Court of Appeals case of Marraro v. State of New York (12 N Y 2d 285) the “ unit rule ” should still prevail where the owner of the fixtures is the owner of the .fee, and the award is based upon the capitalization of income derived from premises which include the fixtures. Both of those conditions are present in this case.